RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ISAAC M. HOENIG, NY Bar
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-5963 (v)
202-307-0054 (f)
Isaac.M.Hoenig@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>JOSEPH MICHAEL VOSBERG dba VOSBERG AND ASSOCIATES,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PERMANENT INJUNCTION** |

## **INTRODUCTION**

1. This is a civil action to permanently enjoin defendant Joseph Michael Vosberg ("Vosberg"), and all those in active concern with him, from:

   - preparing, requesting, assisting in, or directing the preparation or filing of federal tax returns or related documents or forms for any person or entity other than themselves;

Complaint

1

- maintaining any association with a tax return preparation business;
- instructing, teaching or otherwise training any person in the preparation of federal tax returns.

2. Defendant consented to the relief sought in this action in his plea agreement with the United States entered into on December 6, 2018. Ex. 1 ¶ 8.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a), 7407, and 7408.

4. Venue within the District of Arizona is proper under 28 U.S.C. § 1391(b) because the defendant resides in the District of Arizona and a substantial part of the events giving rise to the claim occurred in the District of Arizona.

### DEFENDANTS

5. Defendant Joseph Michael Vosberg, d/b/a Vosberg and Associates resides in the Tucson, Arizona area and has been a tax return preparer as defined under 26 U.S.C. § 7701(a)(36)(A).[1] Vosberg is made party to this action because he willfully and knowingly prepared at least 33 fraudulent income tax returns for his clients for the 2012–2016 tax years.

---

[1] Vosberg is currently serving an 18 month sentence for two counts of aiding and assisting in the preparation and presentation of a false federal income tax return under 26 U.S.C. § 7206 (2) and resides at a residential reentry facility in Tucson, Arizona. *See United States v. Vosberg*, CR 18-2527-RCC-EJM, Dkt. No. 20–21.

Complaint

## BACKGROUND

### Vosberg's Fraudulent Tax Preparation Activity

6. Between 2012 and 2016, Vosberg was the owner and manager of the tax preparation business Vosberg and Associates.

7. Vosberg had a preparer identification number and personally prepared his clients' tax returns with the Internal Revenue Service ("IRS").

8. Beginning in or before 2012 and continuing until about 2016, Vosberg willfully and knowingly prepared and filed false federal income tax returns with the IRS on behalf of his clients.

9. At least 33 times between 2012 and 2016, Vosberg included false business losses on his clients' Schedule C of their Form 1040 federal income tax return.

10. Vosberg suggested the creation of fictitious businesses to his clients for the purpose of claiming fraudulent business losses.

11. At Vosberg's suggestion, many of the fictitious businesses were listed as "Photography" businesses or as "Worth Unlimited" or "MaCAPITAL RESOURCES."

12. For instance, when preparing 2013 returns, Vosberg told two of his clients, Customers 1 and 2 that anyone could have a photography business simply by taking pictures on their phone. When Vosberg prepared Customer 1 and 2's 2013 returns he added a photography business even though he had no evidence that either Customer 1 or 2 operated such a business. The 2013 return that Vosberg prepared for Customer 1 and 2 claimed a business loss of $14,648 from the fraudulent photography business and carried forward a $2,553 deduction for the business use of their home. Because no photography

Complaint

3

business run by Customer 1 and 2 existed, both the business loss and the deduction were entirely fraudulent.

13. When preparing 2012 returns, Vosberg told another of his clients, Customer 3, that they could buy into a business called "maCAPITAL RESOURCES" to reduce their tax liability. Subsequently, Customer 3's 2012 tax return, which Vosberg prepared, included a Schedule C to Form 1040, which stated that Customer 3 was involved in "Direct Sales/Recruiting" for "maCAPITAL RESOURCES." The Schedule C stated that Customer 3 had a net loss of $8,032 from his "maCAPITAL RESOURCES" business even though Customer 3 had discussed no such losses with Vosberg.

14. At least 26 times between 2012 and 2016, Vosberg included false cash and non-cash charitable contributions as itemized deductions on his clients' Schedule A of their Form 1040 federal income tax return.

15. The charitable deductions Vosberg added to his clients' returns were not based upon his clients' actual charitable deductions or any information they provided to him.

16. When Vosberg prepared Customer 1 and 2's 2013 return he stated that they had made $3,065 in cash donations and $8,755 in non-cash donations. These amounts had no relationship to the roughly $2,000 in cash donations and $500 in non-cash donations they had actually made in 2013.

17. The 2012 return that Vosberg prepared for Customer 3 included a $4,705 deduction for a non-cash charitable contribution. Customer 3 had not told Vosberg he

Complaint

4

made such a donation, and in fact estimated that his non-cash donations that year were between $200 and $300.

18. A 2013 return Vosberg prepared for Customer 4 claimed deductions for $7,330 in non-cash charitable contributions and $2,377 in gifts by cash or check. Customer 4 did not tell Vosberg he made $7,330 in non-cash charitable contributions and in fact estimated that his non-cash charitable contributions were approximately $100. Customer 4 also did not give $2,377 in cash donations but instead gave between $800 and $1200.

19. The 2014 return that Vosberg prepared for Customer 5 included a $9,940 deduction for non-cash charitable contributions and a $2,450 deduction for cash or check charitable contributions. Customer 5 had not told Vosberg he made any such donations.

20. Vosberg instructed his clients to keep the receipts from their day to day activities to document their false business expenses and charitable donation(s) in the event of an IRS audit. Vosberg also asked clients to collect extra receipts when they went out to eat. Vosberg offered these receipts to his clients to help them document their fraudulent business expenses and charitable deductions.

21. Vosberg knew, or reasonably should have known, that the false reporting described in paragraphs 9–19 above, would result in an understatement of tax liability.

### Vosberg's Criminal Case

22. Beginning in or around 2016, the Civil Division of the IRS began to audit Vosberg's clients' tax returns as part of a Preparer Action Case.

Complaint

23. Rather than comply with the civil audits, Vosberg told his clients that they should not cooperate with the IRS, and that they should provide the IRS with phony receipts to document their charitable contributions and business expenses.

24. Vosberg also instructed his clients on how to answer questions regarding their phony businesses.

25. Vosberg told at least one client, Customer 6, to avoid meeting with the IRS in person and to say that he (Customer 6) did not keep good records and was no longer in the photography businesses.

26. Vosberg instructed Customers 1 and 2 to provide him with extra copies of their receipts so that he could use them to document other clients' expenses.

27. After speaking with an IRS Revenue Agent, Customer 7 called Vosberg who told him to go online and look up values of different items to match the non-cash charitable deductions listed on his tax return and that Vosberg had receipts he could provide to Customer 7 to document these fraudulent charitable deductions.

28. In March 2018, IRS Criminal Investigation issued a Special Activity Report on Vosberg's tax preparation activities. The report recommended that Vosberg be charged with 33 counts of willfully aiding in the preparation of a fraudulent return under 26 U.S.C. § 7206 (2).

29. On December 6, 2018, the United States Attorneys' Office for the District of Arizona filed an Information against Vosberg bringing two counts of aiding and assisting in the preparation and presentation of a false federal income tax return under 26 U.S.C. § 7206 (2). *See United States v. Vosberg*, CR 18-2527-RCC-EJM, Dkt. No. 1.

Complaint

6

30. Also on December 6, 2018, Vosberg pled guilty to the two counts brought in the information. *See United States v. Vosberg*, CR 18-2527-RCC-EJM, Dkt. No. 7.

31. As part of his plea agreement, Vosberg consented to the entry of a permanent injunction barring him from assisting in the preparation of tax returns of anyone other than himself. *See United States v. Vosberg*, CR 18-2527-RCC-EJM, Dkt. No. 7, at ¶ 8.

32. Specifically, Vosberg's plea agreement stated that:

> Defendant agrees, as part of this plea agreement, that Defendant and all those in active concert or participation with Defendant shall be permanently enjoined under IRC 26 U.S.C. §§ 7402, 7407, and 7408, from preparing, requesting, assisting in, or directing the preparation or filing of federal tax returns or other related documents or forms for any person or entity other than themselves; from maintaining any association with a tax return preparation business; and from instructing, teaching, or otherwise training any person in the preparation of federal tax returns. Defendant understands that the United States will file a civil complaint against him seeking this relief, and defendant consents to the entry of a permanent injunction.

*Id.*

33. On August 1, 2019, the District Court entered its amended judgment sentencing Vosberg to eighteen months in prison and one year of supervised release. *United States v. Vosberg*, CR 18-2527-RCC-EJM, Dkt. No. 20–21.

### Harm Caused by Vosberg's Fraud

34. Vosberg's fraudulent tax return preparation activities have caused (and continue to cause) significant harm to his customers, the U.S. Treasury, and the public at large.

35. Vosberg's customers were harmed because they paid him to prepare proper tax returns, but the returns he prepared substantially understated their correct tax

Complaint

7

liabilities. As a result, many customers may now face large income tax debts and could be liable for sizeable penalties and interest.

36. The United States Treasury was harmed by Vosberg's conduct because it lost significant tax revenue.

37. The total tax loss caused by the false claims and expenses on the returns prepared by Vosberg from 2012 to 2015 was $202,243. This amount was calculated using the specific items method of proof and based upon the 33 fraudulent returns identified by IRS Criminal Investigation in their 2018 SAR Report, *see* paragraph 28 *supra*, and the audit of 22 tax returns of 12 additional Vosberg clients.

38. Vosberg's conduct also harms honest tax return preparers who refuse to engage in similarly deceitful conduct and who may unfairly lose business to Vosberg as a result of his willingness to break the law.

39. Finally, Vosberg's misconduct harms the public at large by undermining public confidence in the federal tax system and encouraging widespread violations of the internal revenue laws.

40. Without an injunction, Vosberg is likely to continue preparing false federal income tax returns causing harm to his customers, the United States, and the public at large. An injunction will serve the public interest because it will put a stop to Vosberg's illegal conduct and the harm that such conduct causes his customers, the U.S. Treasury, and the public.

**COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407**

41. The United States incorporates the preceding paragraphs by reference.

Complaint

8

42. 26 U.S.C. § 7407 authorizes district courts to enjoin a tax return preparer from engaging in certain conduct or from further acting as a tax return preparer. The prohibited conduct justifying an injunction includes, among other things, the following:

- conduct subject to penalty under 26 U.S.C. § 6694(a), which, penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to an unreasonable position that the preparer knew or should have known was unreasonable;
- conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to the preparer's willful or reckless conduct; or,
- conduct subject to criminal penalty under the Internal Revenue Code; or
- any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the Internal Revenue Laws.

26 U.S.C. § 7407 (b)(1)(A)–(D).

43. To issue such an injunction, a court must find that:

- the tax return preparer engaged in the prohibited conduct; and
- injunctive relief is appropriate to prevent reoccurrence of such conduct.

26 U.S.C. § 7407 (b)(1)–(2).

44. A court may broadly enjoin a person from further acting as a tax return preparer if the court finds

- that their misconduct is continual or repeated, and

Complaint

9

- that a narrower injunction prohibiting such conduct would be insufficient to prevent that person's interference with the proper administration of Internal Revenue Laws.

26 U.S.C. § 7407.

45. Vosberg continually and repeatedly prepared federal tax returns that he knew contained inflated, exaggerated, and fictitious deductions and/or credits.

46. Vosberg also attempted to obstruct IRS audits of his clients by instructing them not to meet with IRS personnel and to provide IRS personnel with phony receipts.

47. Accordingly, Vosberg engaged in conduct subject to penalty under 26 U.S.C. § 6694, conduct subject to criminal penalty under 26 U.S.C. § 7206(2), and other fraudulent or deceptive conduct within the meaning of 26 U.S.C. § 7407.

48. Injunctive relief is appropriate to prevent the recurrence of Vosberg's misconduct. Vosberg directed his clients not to cooperate with IRS audits and provided them with fraudulent receipts to justify their expenses; thus without an injunction, Vosberg would likely continue preparing fraudulent federal tax returns.

49. Vosberg should be permanently enjoined under 26 U.S.C. § 7407 from acting as a federal tax return preparer because a more limited injunction would be insufficient to stop him from interfering with the proper administration of the internal revenue laws.

## COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408

50. The United States incorporates the preceding paragraphs by reference.

Complaint

10

51. 26 U.S.C. section 7408 authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. §6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

52. 26 U.S.C. § 6701(a) imposes a penalty on any person who:

- "aids, assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, and
- who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the Internal Revenue Laws,
- and who knows that such portion (if so used) would result in an understatement of tax liability of another person."

53. Vosberg prepared federal tax returns for his clients.

54. Vosberg submitted these returns to the IRS on his clients' behalf.

55. Vosberg knowingly listed fraudulent business losses and fraudulent charitable deductions entirely lacking in corroborative or other support on many of the returns he prepared. These fraudulent deductions resulted in an understatement of the tax liability of Vosberg's clients.

56. Vosberg directed his clients not to cooperate with an IRS audit.

57. Vosberg provided his clients with false receipts to justify the fraudulent expenses he listed on their returns.

58. If the Court does not enjoin Vosberg, he is likely to continue engaging in conduct subject to penalty under section 6701.

Complaint

11

59. Injunctive relief is therefore appropriate under section 7408.

**COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402(a)**

60. The United States incorporates the preceding paragraphs by reference.

61. 26 U.S.C. § 7402 authorizes district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under Section 7402 "are in addition to and not exclusive of any and all other penalties." 26 U.S.C. § 7402(a).

62. As described above, Vosberg engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and he will likely continue engaging in such conduct unless enjoined.

63. If the Court does not enjoin Vosberg from preparing tax returns for others, the United States will suffer irreparable injury by taxpayers not reporting and paying the correct amount of taxes, which will additionally cause the United States to under-collect tax or erroneously provide tax refunds to persons not entitled to receive them.

64. Unless the Court enjoins Vosberg from preparing tax returns for others, the IRS will have to devote substantial time and resources to identifying, locating and examining Vosberg's customers' tax returns. Pursuing all individual customers may be impossible given the IRS's limited resources.

65. Enjoining Vosberg from preparing federal tax returns is in the public interest because an injunction will stop him from causing further harm to the United States and its citizens.

Complaint

66. The Court should therefore order injunctive relief under 26 U.S.C. § 7402(a).

**RELIEF SOUGHT**

WHEREFORE, the United States requests the following relief:

A. That the Court find that Joseph Michael Vosberg has continually and repeatedly engaged in:

  i. conduct subject to penalty under 26 U.S.C. § 6694,

  ii. conduct subject to criminal penalty under the Internal Revenue Code, and

  iii. other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws,

and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B. That the Court find that Joseph Michael Vosberg has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent recurrence of that conduct.

C. That the Court find that Joseph Michael Vosberg has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers under 26 U.S.C. § 7402(a).

D. That the Court, pursuant to 26 U.S.C. §§ 7407, 7408, and 7402(a), enter an injunction order permanently barring Joseph Michael Vosberg, and all those in active concert or participation with him, from:

Complaint

      i. Preparing, requesting, assisting in, or directing the preparation or filing of federal tax returns or other related documents or forms for any person or entity other than themselves;

      ii. Maintaining any association with a tax preparation business;

      iii. Instructing, teaching, or otherwise training any person in the preparation of federal tax returns.

E. That this Court retain jurisdiction over Joseph Michael Vosberg and over this action to enforce any injunction entered against him;

F. That the United States be entitled to conduct discovery to monitor Joseph Michael Vosberg's compliance with the terms of any injunction entered against him; and

G. Such further relief, including costs, as is just and proper.

Dated: November __13_, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s Isaac M. Hoenig*
ISAAC M. HOENIG
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-5963 (v)
202-307-0054 (f)
Isaac.M.Hoenig@usdoj.gov

Complaint

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff**(s): **United States of America**

County of Residence: Outside the State of Arizona

County Where Claim For Relief Arose: Pima

**Defendant**(s): **Joseph Michael Vosberg**

County of Residence: Pima

Plaintiff's Atty(s):

**Isaac Mitchell Hoenig**
**United States Department of Justice**
**P.O. Box 683, Ben Franklin Station**
**Washington, DC  20044-0683**
**2023075963**

Defendant's Atty(s):

II. Basis of Jurisdiction: **1. U.S. Government Plaintiff**

III. Citizenship of Principal Parties **(Diversity Cases Only)**
    Plaintiff:- **N/A**
    Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **870 Taxes US Plaintiff or Defendant**

VI. Cause of Action: **26 USC §§ 7402, 7407, 7408. Complaint for permanent injunction.**

VII. Requested in Complaint
    Class Action: **No**
    Dollar Demand: **N/A**
    Jury Demand: **No**

VIII. This case **IS RELATED** to Case Number **4:18-cr-2527 (D. Az)** assigned to Judge **Collins.**

**Signature:  /s/ Isaac M. Hoenig**

**Date: 11/13/2020**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

**Revised: 01/2014**